IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FELICIA ANDREWS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:13-cv-412 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Felicia Andrew's application for benefits. Because the Commissioner's final decision is not supported by substantial evidence and based on proper legal standards, it is hereby **ORDERED** that the decision be **REMANDED** pursuant to "sentence four" of 42 U.S.C. § 405(g).

## BACKGROUND

At the time of the Commissioner's decision, Plaintiff was twenty-eight (28) years old with a ninth grade education. R. 25. Plaintiff alleged physical and mental limitations after being shot in the head by her boyfriend. Medical evidence shows that Plaintiff suffered from an extensive fracture of the alveolar process of the left maxilla, bony destruction of the left side of the hard palate, comminuted fracture of the floor of the left orbit with impingement of the left inferior globe, sphenoid sinus fracture right, a large bullet fragment lodged in right temporal bone, vision problems, headaches, dizziness, decreased hearing in the right ear, depression, and post-traumatic street disorder. R. 22. Prior to the alleged onset date, Plaintiff worked as a cashier, poultry dresser, childcare attendant, fast food worker, housecleaner, and packer. R. 27, 57, 152.

Plaintiff filed applications for Supplemental Security Income (SSI) and for a period of disability and disability insurance benefits on April 19, 2010, alleging she was disabled since March 9, 2010 (Tr. 20, 113-18). Plaintiff's July 2009 applications were denied initially (R. 20-29) and on May 23, 2012, following a hearing, an administrative law judge found Plaintiff "not disabled" (R. 17). The Appeals Council denied Plaintiff's request for review on August 29, 2013, and Plaintiff now seeks judicial review before the Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISABILITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of proving his disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

When analyzing the issue of disability, the Commissioner must follow a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 416.920(a)(4)(i)-(v). First, the Commissioner determines whether the claimant currently is engaging in substantial gainful activity. Second, the Commissioner considers the medical severity of the claimant's impairments. Third, the Commissioner considers whether the medical severity of the claimant's impairments meets or equals the severity of one or more of the specified impairments in the listing of impairments and meets the duration requirement.

The Commissioner next assesses the claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1). Fourth, based on the RFC assessment, the Commissioner evaluates the claimant's ability to return to past relevant work despite the claimant's impairments. Fifth, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of his RFC, age, education, and work experience.

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the ALJ in this case made the following findings. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 9, 2010, her alleged onset date. (R. 22). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "status post gunshot wound to face with extensive fracture of the alveolar process of the left maxilla, bony destruction of the left side of the hard palate, comminuted fracture of the floor of the left orbit with impingement of the left inferior globe, sphenoid sinus fracture right, a large bullet fragment lodged in right temporal bone, vision problems, headaches, dizziness, decreased hearing in the right ear, depression, and

post-traumatic street disorder." R. 22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments specified in the Listing of impairments. (R. 23). Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> [S]edentary work … except she can perform frequent climbing of stairs and ramps, but no climbing of ladders ropes or scaffolds. She can also perform frequent balancing and occasional stooping, but no kneeling crouching or crawling. She is further limited to occupations requiring no more than simple routine repetitive tasks, not performed in a fast paced production environment, involving only simple work-related instructions and decisions and relatively few work place changes. She should avoid concentrated exposure to machinery and heights. She is further limited to occupations that do not require driving.
>
> R. 25

At step four, based on his RFC assessment, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (R. 27). At step five, though, the ALJ determined that Plaintiff could perform other work, including representative occupations like "Final Assembler," "Bench Hand," and "Table Worker" (R. 27–28). Therefore, the ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Plaintiff argues that the ALJ improperly considered Dr. Castillo, Plaintiff's treating physician. As the ALJ did not properly consider the medical opinion of Dr. Castillo, and it is recommended that the Commissioner's decision be remanded.

"It is well-established that the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citations and internal quotations omitted). The ALJ may discount the treating physician's report where it is not accompanied by objective medical evidence, is wholly conclusory, or is contradicted by the physician's own record or other

objective medical evidence. *Id*.; *see also Green v. Social Sec. Admin*., 223 Fed. Appx. 915, 922–23 (11th Cir. 2007) (unpublished) (ALJ had good cause to devalue a treating physician's opinion where it was inconsistent with the objective medical evidence, as well as plaintiff's testimony). "When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the: (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence and explanation supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the pertinent medical issues; and (6) other factors that tend to support or contradict the opinion." *Weekley v. Commissioner of Soc. Sec*., 486 Fed. App'x. 806, 808 (11th Cir. 2012) (unpublished) (citing 20 C.F.R. § 404.1527(c)). When an ALJ articulates specific reasons for declining to give a treating physician's opinion controlling weight, and the reasons are supported by substantial evidence, there is no reversible error. *See Forrester v. Commissioner of Social Sec*., 455 Fed. App'x. 899, 902 (11th Cir. 2012) (unpublished) ("We have held that an ALJ does not need to give a treating physician's opinion considerable weight if evidence of the claimant's daily activities contradict the opinion."). Indeed, an ALJ "may reject any medical opinion, if the evidence supports a contrary finding." *Id*. at 901. Although the ALJ must evaluate the treating physician's opinion "in light of the other evidence presented," "the ultimate determination of disability is reserved for the ALJ." *Green*, 223 Fed. App'x. at 923 (citing 20 C.F.R. §§ 404.1513, 404.1527, 404.1545).

The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the

determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. See, e.g., 20 C.F.R. § 404.1546(c).

As a preliminary matter, the Commissioner argues that Dr. Castillo's opinion "is not entitled to any weight" as it is "an opinion of disability, which is an issue reserved for the Commissioner." Doc. 14, p. 5. This argument ignores the regulations. Contrary to Commissioner's argument, Dr. Castillo's treatment notes included a description of Plaintiff's symptoms, a diagnosis, and a judgment about the severity of her impairments, and clearly constituted a "statement[ ] from [a] physician ... that reflect[s] judgments about the nature and severity of [Plaintiff's] impairment(s), including [Plaintiff's] symptoms, diagnosis and prognosis, what [Plaintiff] can still do despite impairment(s), and [Plaintiff's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); R. 440-442.

The Commissioner argues at length that the ALJ correctly discounted Dr. Castillo's opinion because it was inconsistent with other medical evidence in the transcript. Notably, the Commissioner argues that "[t]he ALJ provided good reasons, supported by substantial evidence for discounting Dr. Castillo's opinion." Doc. 14, p. 4. This argument is unpersuasive. The record indicates that the ALJ failed to follow the Social Security Administration regulations in weighing medical opinions, particularly those of Dr. Castillo. As discussed above, the ALJ must weigh a treating physician's opinion based on six factors: "(1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical

6

evidence and explanation supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the pertinent medical issues; and (6) other factors that tend to support or contradict the opinion."

The ALJ, instead of fully discussing Dr. Castillo's opinion in the framework articulated above, or citing specific reasons for declining to give Dr. Castillo's opinion controlling weight, stated: "[p]artial weight is also given to the mental impairment questionnaire prepared by Gloria Castillo, M.D. because greater weight was given to the consultative psychological examination, which the undersigned determined was a more accurate representation of the claimant's representation of the claimant's present mental status and functional capacity." R. 27. This is in fact the only mention of Dr. Castillo and her opinion in the ALJ's opinion. *See* R. 17-34. Further, the ALJ and the Commissioner ignore consistent findings in testing done by both Dr. Castillo and consulting physician John S. Muller regarding Plaintiff's recent memory impairment. *See* R. 405, 492. These impairment findings were also consistent with Dr. Rashmi Hooda, a cardiologist performing an exam for the state disability office, who found that Plaintiff had "great difficulty with short-term memory loss." R. 424. The cursory discussion of Dr. Castillo's and River Edge medical opinions and treatment notes beginning in February of 2011 do not meet the threshold elaborated by the Eleventh Circuit, let alone set out "clearly articulated grounds for such a rejection." *Winschel.*, 631 F.3d at 1179.

Because the Court finds this error alone requires remand to the Commissioner, there is no need to consider the other asserted claims of error at this time. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.")).

## **CONCLUSION**

After a careful consideration of the record, it is **RECOMMENDED** that the Commissioner's decision be **REMANDED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of January, 2014.

s/ Charles H. Weigle_____<br>
Charles H. Weigle<br>
United States Magistrate Judge