IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FELICIA ANDREWS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 5:13-CV-412 (MTT) |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Charles H. Weigle. (Doc. 16). The Magistrate Judge recommends remanding the Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) because the Administrative Law Judge ("ALJ") did not properly consider the medical opinion of Plaintiff's treating physician, Dr. Gloria Castillo. The Commissioner has filed an objection to the Recommendation. (Doc. 18). Specifically, the Commissioner objects to the Magistrate Judge's finding that the ALJ erred in his consideration of the opinion of Dr. Castillo. (Doc. 18 at 1). The Commissioner argues "the ALJ provided good reasons, supported by substantial evidence, for discounting Dr. Castillo's opinion." (Doc. 18 at 1).

It is well established that "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Moreover, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and

the failure to do so is reversible error." *Id.*  Here, the ALJ's rationale for discounting Dr. Castillo's medical opinion reads, in full: "[p]artial weight is also given to the mental impairment questionnaire prepared by Gloria Castillo, M.D. because greater weight was given to the consultative psychological examination, which the undersigned determined was a more accurate representation of the claimant's present mental status and functional capability."  (Doc. 12-2 at 28).

It is clear the ALJ discounted Dr. Castillo's medical opinion because he determined it was less "accurate" than the consultative examination.  However, it is unclear why or how the medical opinion was less accurate and thus deserving of less weight.  In fact, there is no discussion of the medical opinion itself, including its pertinent elements.  *See Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *Fleming v. Commissioner, Social Sec. Admin.*, 550 F. App'x 738, 740 (11th Cir. 2013).  Therefore, the ALJ failed to clearly articulate his reasons for discounting Dr. Castillo's medical opinion, and "[o]n remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence." *Winschel*, 631 F.3d at 1179.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Commissioner's objections and has made a de novo determination of the portions of the Recommendation to which the Commissioner objects. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the case is **REMANDED** for further proceedings.

-3-

**SO ORDERED**, this 3rd day of March, 2015.

                                                    <u>S/ Marc T. Treadwell</u>
                                                   MARC T. TREADWELL, JUDGE
                                                   UNITED STATES DISTRICT COURT